UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 11-cr-0488 (WJM) |
| v. | |
| ALEJANDRO VALDEZ, a/k/a SANDY ANTONIO, | OPINION |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

The Court sentenced Defendant Sandy Antonio ("Mr. Antonio" or "Defendant") on April 18, 2012 to a statutory minimum of 120 months for conspiring to manufacture and distribute more than one kilogram of heroin. There are two *pro se* motions pending. First, Mr. Antonio moves the Court to reconsider its April 30, 2015 denial of Mr. Antonio's motion for a sentence reduction under 18 U.S.C. § 3582. Second, Mr. Antonio moves the Court to compel the Government to file a Rule 35 motion to reduce Mr. Antonio's sentence for substantial assistance. For the reasons below, both motions are **DENIED**.

**I.   BACKGROUND**

Defendant was sentenced on April 18, 2012 to a prison term of 120 months, the mandatory minimum under 21 U.S.C. § 841(b) for conspiracy to manufacture and distribute at least one kilogram of heroin. ECF No. 89. At sentencing, the Court declined to apply the "safety valve" provision of 18 U.S.C. § 3553, which provides courts with discretion to impose a sentence below the statutory minimum if a defendant provides "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1)-(2). *See* ECF No. 94, 15:12-15. The Court determined that Mr. Antonio failed to provide substantial assistance. 18 U.S.C. § 3553(f)(5). *See* Transcript of Sentencing Hearing, ECF No. 94, 13:1-15:25.

On January 30, 2015, Mr. Antonio moved under 18 U.S.C. § 3582 for retroactive application of a 2014 Amendment to the Sentencing Guidelines

("Amendment 782") that reduced drug sentences by two years. ECF No. 98. The Court denied the motion by order dated April 30, 2015. ECF No. 99. Mr. Antonio moved the Court on September 2, 2015 to reconsider its decision. ECF. 102. He has also moved to compel the Government to file a Rule 35 motion for sentence reduction, for which Mr. Antonio requests an expedited determination. ECF No. 104. The Court now considers both motions.

## II. DISCUSSION

### A. Motion for Reconsideration of Court's Denial under 18 U.S.C. § 3582

A motion for reconsideration "is a limited vehicle used 'to correct manifest errors of law or fact or to present newly discovered evidence." *Jackson v. City of Philadelphia*, 535 Fed. Appx. 64, 69 (3d Cir. 2014) (citations omitted). It succeeds only in three narrow circumstances: "(1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.*

Here, there is no reason to alter the Court's judgment. As Mr. Antonio observes, Amendment 782 to the Sentencing Guidelines reduces sentences for most federal drug crimes by two years, and federal law provides for amendments of the Guidelines to apply retroactively. *See* 18 U.S.C. § 3582(c)(2). But retroactive sentence reductions under § 3582(c)(2) only apply to sentences based on the Guidelines, not those imposed pursuant to a statutory minimum. *See United States v. Ortiz-Vega*, 744 F.3d 869, 873 (3d Cir. 2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based on a sentencing range that has subsequently been lowered.'"). Because Mr. Antonio was sentenced under a statutory minimum and not pursuant to a sentencing range under the Guidelines, Amendment 782 does not affect his sentence.

### B. Motion to Compel the Government to File a Rule 35 Motion

Federal Rule of Criminal Procedure 35 authorizes the government to move for a sentence reduction for a defendant who provides "substantial assistance." Fed. R. Crim. P. 35(b)(1)-(2). Rule 35 does *not* provide a mechanism for compelling the government to file for a sentence reduction; the government must file on its own accord. *United States v. Obeid*, 707 F.3d 898, 900-01 (7th Cir. 2013). Further, the government's decision not to file a Rule 35 motion appears well-grounded, as the record does not indicate that Mr. Antonio provided substantial assistance to the government.

Mr. Antonio should be commended for the positive steps he has taken while incarcerated. Unfortunately, the Court has no legal basis for reducing his sentence.

### III. CONCLUSION

For the forgoing reasons, Defendant's motions are **DENIED**.

                                         /s/ William J. Martini
                                 **WILLIAM J. MARTINI, U.S.D.J.**

**November 21, 2016**